UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL S.,<br><br>              Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>              Defendant. | Case No. C20-6099 TLF<br><br>ORDER REVERSING AND REMANDING FOR AWARD OF BENEFITS |

Plaintiff has brought this matter for judicial review of the Commissioner's denial of his application for disability insurance benefits and supplemental security income benefits.

The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13.

I.   ISSUES FOR REVIEW

1. Should the Court remand for further proceedings, or for an award of benefits?

II.   BACKGROUND

On March 5, 2018, plaintiff filed a Title II application for a period of disability and disability insurance benefits, alleging a disability onset date of August 1, 2014. Administrative Record ("AR") 15. On January 30, 2018, plaintiff filed a Title XVI application for supplemental security income alleging a disability onset date of August 1,

ORDER REVERSING AND REMANDING FOR AWARD
OF BENEFITS - 1

2014. AR 15. Both applications were denied initially and upon reconsideration. *Id.* A telephonic hearing was held before Administrative Law Judge ("ALJ") M.J. Adams on June 23, 2020. AR 15, 32-62. On July 9, 2020, the ALJ issued a decision finding that plaintiff was not disabled. AR 15-25. On September 17, 2020 the Appeals Council denied review making the ALJ's decision the final agency decision. AR 1-6.

Plaintiff seeks judicial review of the ALJ's July 9, 2020 decision. Dkt. 4.

### III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

### IV. DISCUSSION

The ALJ found that plaintiff had the severe, medically determinable impairments of hypertension, status-post left upper extremity laceration; depression; anxiety; drug and alcohol abuse; and post-traumatic stress disorder. AR 18. Based on the limitations stemming from these impairments, the ALJ found that plaintiff could perform medium work with the following limitations:

> [plaintiff] can never climb ladders, ropes, or scaffolds, occasionally reach overhead with the left upper extremity; and frequently crawl, crouch, kneel, stoop, balance, and climb ramps or stairs. He should avoid concentrated exposure to extreme cold, extreme heat, noise, vibration, respiratory irritants, and hazards. The [plaintiff] can understand, remember, and carry out simple instructions; exercise simple workplace judgment; and perform work that is learned on the job in less than 30 days by short demonstration and practice or repetition. He can respond appropriately to supervision;

> can have superficial interactions with coworkers, but should not be required to work in close coordination with coworkers where teamwork is required; and can work in jobs that require only casual or superficial interactions or contact with the general public. He can deal with occasional changes in the workplace.

AR 19-20. Relying on vocational expert ("VE") testimony, the ALJ determined at step five of the sequential evaluation that plaintiff was not disabled. AR 23-24.

Plaintiff argues that the ALJ erred in finding that plaintiff had marked limitations in his ability to maintain concentration, persistence, or pace, yet failing to set forth these limitations in the RFC determination. Dkt. 10 at 1. Plaintiff also contends that the ALJ erred in rejecting the opinions of an examining psychiatrist, consultative examining psychologist, and state contracted reviewing psychologist. *Id.* Finally, plaintiff assigns error to the ALJ's rejection of plaintiff's testimony. *Id.* at 2.

The Commissioner concedes that the ALJ erred in evaluating plaintiff's mental residual functional capacity. Dkt. 14 at 2. The Commissioner states that the ALJ erred by finding that plaintiff had marked limitations in concentration, persistence and pace, but failing to reflect these levels of limitations in the residual functional capacity determination. *Id.* at 2-3. Additionally, the Commissioner explains that the ALJ's RFC finding is inconsistent with marked limitations and is even inconsistent with moderate limitations in concentration, persistence and pace. *Id.* at 3.

The Commissioner argues that the Court should reverse and remand this action for further administrative proceedings because plaintiff's residual functional capacity is unclear due to inconsistencies in the record. Dkt. 14 at 3-5. Plaintiff argues the Court should remand this action for an award of benefits. Dkt. 16.

ORDER REVERSING AND REMANDING FOR AWARD
OF BENEFITS - 3

A. <u>Medical Opinions</u>

Under current Ninth Circuit precedent, an ALJ must provide "clear and convincing" reasons to reject the uncontradicted opinions of an examining doctor, and "specific and legitimate" reasons to reject the contradicted opinions of an examining doctor. *See Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995).

The Social Security Administration changed the regulations applicable to evaluation of medical opinions; hierarchy among medical opinions has been eliminated, but ALJs are required to explain their reasoning and specifically address how they considered the supportability and consistency of each opinion. *See* 20 C.F.R. § 416.920c; Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01 (Jan. 18, 2017).

These are the two most important factors in the ALJ's evaluation of medical opinions or findings; therefore, "[t]he 'more relevant the objective medical evidence and supporting explanations presented' and the 'more consistent' with evidence from other sources, the more persuasive a medical opinion or prior finding." *Linda F. v. Saul*, No. C20-5076-MAT, 2020 WL 6544628, at *2 (quoting 20 C.F.R. § 404.1520c(c)(1)-(2)).

The ALJ's reasoning must be supported by substantial evidence and free from legal error. *Ford v. Saul*, 950 F.3d 1141, 1153-56 (9th Cir. 2020) (citing *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)); *see also Murray v. Heckler*, 722 F.2d 499, 501–02 (9th Cir. 1983).

1. Dan Neims, Psy.D – 2015 Evaluation

Dr. Neims conducted a psychological evaluation and completed a Psychological/Psychiatric Evaluation form in August of 2015. AR 444. Dr. Neims

1  diagnosed plaintiff with PTSD, chronic (R/O dissociative features); GAD; MDE
2  Recurrent Severe; R/O atypical Bipolar II; R/O psychiatric manifestation of seizure
3  disorder; and Polysubstance Dependence in reported remission. AR 445.
4      Dr. Neims opined that plaintiff's conditions would have a mild effect on plaintiff's
5  ability to understand, remember, and persist in task following both simple and detailed
6  instructions and learn new tasks. AR 446. Dr. Neims further opined moderate
7  impairment in plaintiff's ability to perform activities within a schedule, maintain regular
8  attendance and be punctual within customary tolerance without special supervision;
9  adapt to changes in a routine work setting; make simple work-related decisions; be
10  aware of normal hazards and take appropriate precautions; and set realistic goals and
11  plan independently[1]. AR 446.
12      Next, Dr. Neims opined that plaintiff's conditions created a marked impairment in
13  plaintiff's ability to ask simple questions or request assistance; communicate and
14  perform effectively in a work setting; complete a normal work day and work week
15  without interruptions from psychologically based symptoms; and maintain appropriate
16  behavior in a work setting. AR 446. Finally, Dr. Neims confirmed plaintiff's impairments
17  were not the result of alcohol or drug use within the past 60 days. AR 446.
18      The ALJ discredited Dr. Neims' opinion because "it appears more restrictive than
19  the underlying mental status exam on which it is based." AR 22. A conflict between
20  treatment notes and a physician's opinion may be sufficient reason to discredit the
21  opinion of the physician. *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014).

---

[1] Dr. Nimes also stated that plaintiff was both mildly and moderately limited in his ability to perform routine tasks without special supervision. AR 446.

ORDER REVERSING AND REMANDING FOR AWARD
OF BENEFITS - 5

However, substantial evidence does not support the ALJ's determination that Dr. Neims opinion is inconsistent with the underlying mental status exam.

First, it is unclear what portion of the mental status exam the ALJ finds inconsistent with Dr. Neims opinion, because the ALJ's decision does not refer to any particular allegedly inconsistent portion of the exam. AR 22.

The record shows the mental status exam is consistent with Dr. Neims' opinion. Dr. Neims found that plaintiff suffered from PTSD mood disruption and anxiety. AR 445. The mental status exam noted that plaintiff had an anxious, depressed and irritable mood as well as an anxious tangential thought process. AR 447. These notations appear to be consistent with Dr. Neims' diagnosis. Additionally, the examination findings that plaintiff had an intact fund of knowledge, and intact abstract thought process, with fair to borderline concentration, do not contradict Dr. Neims' opinion. AR 447.

Additionally, even if the mental status exam did contradict Dr. Neims' opinion, the exam must be considered in the context of the overall diagnostic record. *Ghanim*, 763 F.3d at 1162; *Lester v. Chater*, 81 F.3d 821, 833 (9th Cir. 1995) ("Occasional symptom-free periods … are not inconsistent with disability). Dr. Neims did not form his opinion based solely on the mental status exam, rather Dr. Neims reviewed plaintiff's medical records and medical history in diagnosing plaintiff's mental health conditions. AR 444-45. Accordingly, even if plaintiff was not exhibiting symptoms on the date of the mental status exam, this does not mean that Dr. Neims' findings – based on plaintiff's medical history – were unsupported. *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) ("That a person who suffers from severe panic attacks, anxiety, and depression makes

some improvements does not mean that the person's impairments no longer seriously affect her ability to function in a workplace.").

The ALJ's rejection of Dr. Neims' opinion is unsupported by substantial evidence.

2.  Bruce Tapper Ph.D.

On December 28, 2018 Dr. Tapper conducted a consultative psychological evaluation of the claimant and provided a Psychological Diagnostic Evaluation. AR 708-712. Dr. Tapper noted that plaintiff exhibited a depressed and anxious mood, a tense affect consistent with anxiety, reported mood cycling, continued depression and symptoms of PTSD. AR 710. Dr. Tapper also stated that plaintiff reported that he was socially avoidant to the point of agoraphobia and often did not want to leave his house. AR 710. Further. Dr. Tapper noted that plaintiff experienced daily panic attacks. AR 710.

Additionally, Dr. Tapper stated that plaintiff suffered from paranoid thought content as well as auditory and visual hallucinations. AR 710-11. Dr. Tapper noted that plaintiff's fund of knowledge was within average limits, but plaintiff's concentration and abstraction abilities were impaired. AR 711. Dr. Tapper diagnosed plaintiff with Bipolar I Disorder, Posttraumatic Stress Disorder, Persistent Depressive Disorder, Panic Disorder and Alcohol Use Disorder. AR 711. Dr. Tapper concluded that plaintiff's prognosis was guarded but fair and plaintiff appeared to be capable of managing his own funds. AR 712.

Ultimately, Dr. Tapper opined that plaintiff "does not appear to be capable of working in any capacity. He has a long history of attempting to work but not being able to function because of his mood cycling. He has had repeated decompensation where he is unable to perform consistently in any activity and he is very sensitive to stress. He

ORDER REVERSING AND REMANDING FOR AWARD
OF BENEFITS - 7

experiences paranoia and panic attacks and is not able to function in any work environment around other people." AR 712.

The ALJ rejected Dr. Tapper's opinion. AR 22. First, the ALJ found that Dr. Tapper's opinion that plaintiff was not capable of working because of a history of attempting to work but failing because of mood cycling and repeated decompensation was conclusory and inconsistent with the underlying objective findings. AR 22. The ALJ reasoned that the objective findings did not demonstrate severely limiting behavior. AR 22. Additionally, the ALJ stated that Dr. Tapper's note that plaintiff's prognosis was guarded to fair and that plaintiff appeared capable of managing his own funds was unaligned with Dr. Tapper's opinion. AR 22.

First, Dr. Tapper did not opine that plaintiff was not capable of working due to a history of attempting to work but failing because of mood cycling and repeated decompensation. AR 712. Dr. Tapper noted that plaintiff has not been able to maintain employment in the past due to mood cycling and decompensation, but opined that plaintiff experienced paranoia and panic attacks which prevent him from working in an environment around other people. AR 712.

Additionally, it appears that Dr. Tapper's opinion is supported by Dr. Tapper's findings. Dr. Tapper noted that plaintiff exhibited a depressed and anxious mood as well as a tense affect consistent with self-reported anxiety. AR 710. Dr. Tapper further stated that plaintiff suffered from agoraphobia, daily panic attacks, auditory and visual hallucinations, and limited concentration. AR 710-11. These findings appear to be consistent with Dr. Tapper's findings that plaintiff's mental health conditions would limit plaintiff's ability to work in an environment around other people. AR 712.

Finally, it is unclear from the ALJ's decision and the record how a "guarded to fair" prognosis and plaintiff's ability to manage funds is contradictory to Dr. Tapper's evaluation and opinion.

Based on the foregoing discussion, the ALJ's rejection of Dr. Tapper's opinion is unsupported by substantial evidence.

3. Edward Beaty Ph.D.

In 2019, Dr. Beaty provided a Mental Residual Functional Capacity Assessment. AR 110-11. Dr. Beaty opined that plaintiff was markedly limited in the following areas: ability to maintain attention and concentration for extended periods; ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerance; and ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without unreasonable number and length of rest periods. AR 111. Dr. Beaty ended the assessment at this point stating "MRFC truncated at point of allowance." AR 111.

The ALJ rejected Dr. Beaty's opinion because Dr. Beaty "did not offer the rest of the assessment, making the mental residual functional capacity incomplete." AR 23.

Simply stating that an evaluation or assessment is incomplete is an insufficient basis to reject the opinion. The ALJ has a duty to develop the record, even when the claimant is represented by an attorney. *DeLorme v. Sullivan*, 924 F.2d 841, 847-49 (9th Cir. 1991). The ALJ's duty to develop the record is heightened where the claimant may be mentally ill and unable to protect their own interest. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). "Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's

duty to 'conduct an appropriate inquiry.'" *Id.* Accordingly, the ALJ erred in discrediting Dr. Beaty's opinion as being incomplete without further explanation.

Additionally, it does not appear that Dr. Beaty's opinion is incomplete. Dr. Beaty found that plaintiff had marked limitations in functioning and expressly stated that he truncated his examination at the point of allowing the claim of disability. The fact that Dr. Beaty did not provide an evaluation of other functions after the point of allowance does not contradict or undermine the evaluation and opinion provided.

B.  <u>Whether this case should be remanded for an award of benefits</u>

The parties agree the ALJ's decision was not supported by substantial evidence. The Court has nevertheless analyzed the medical evidence, above, because the Commissioner contends that conflicts within the record require a remand for further administrative proceedings. Plaintiff contends that this action should be remanded for an award of benefits.

"'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where

> "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

First, the Commissioner argues that the ALJ found that evidence indicated various levels of concentration, persistence, and pace which creates unanswered questions about plaintiff's residual functional capacity. Dkt. 14 (citing AR 19, 398, 474, 659, 711, 883, 940). However, the ALJ considered this conflicting evidence and concluded that plaintiff has marked limitations with regard to concentrating, persisting or maintaining pace. AR 19. Accordingly, the ALJ already considered this conflicting evidence of functioning and determined that it supported a finding of marked limitations.

Further, with regards to limitations regarding concentration, persistence and pace, the ALJ considered the opinions of Dr. Neims, Dr. Tapper and Dr. Beaty. As has been discussed in this Order, the ALJ failed to provide a reason, supported by substantial evidence, for rejecting these opinions.

These medical opinions consistently found plaintiff to be markedly limited concerning concentration, persistence and pace. Specifically, Dr. Neims opined that plaintiff's ability to communicate and perform effectively in a work setting and to complete a normal workday and workweek without interruptions from psychologically based symptoms were markedly limited. AR 446. In 2017, Dr. Neims opined again that plaintiff had marked limitations in his ability to complete a normal workday or workweek

without interruptions from psychologically based symptoms. AR 472. The ALJ adopted this 2017 opinion. AR 22.

Dr. Tapper found that plaintiff was unable to work due to depression, agoraphobia, daily panic attacks and hallucinations. AR 710-11. Finally, Dr. Beaty opined that plaintiff was markedly limited in the ability to maintain attention and concentration for extended periods of time, maintain regular attendance, and complete a normal workday or workweek without interruptions from psychologically based symptoms. AR 111.

During plaintiff's hearing, the vocational expert testified that if a person was consistently absent from work or consistently leaving early, the person would be precluded from employment. AR 59-60. Additionally, the vocational expert expressed that if a person exhibits extreme behavior such as panic attacks consistently, the person would also be precluded from competitive employment. AR 60. Finally, the vocational expert testified that if a person was off task for more that 10 percent of the time, they would be terminated from employment. *Id.*

The record has been fully developed in this case. The ALJ determined that based on plaintiff's medical records, plaintiff has marked limitations in his ability to concentrate, persist and keep pace. The medical evidence in the record is consistent with this finding and supports this finding.

Additionally, the medical evidence in the record consistently indicated that plaintiff would be markedly limited in his ability to complete a normal workday or workweek without interruptions from psychologically based symptoms. The testimony of the vocational expert was clear that based on these limitations, a person would not be

able to engage in competitive employment at step five of the sequential evaluation. AR 60-61.

The criteria are met for remanding the case for an award of benefits. *Trevizo*, 871 F.3d at 682-83. Additional proceedings would not serve a useful purpose.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ erred in finding that plaintiff was not disabled. Defendant's decision to deny benefits is therefore REVERSED and this matter REMANDED for an award of benefits.

Dated this 17th day of November, 2021.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge